UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 19-cr-0250(1) (WMW/ECW) |
| Plaintiff, | |
| v. | **ORDER ON MOTIONS IN LIMINE** |
| Johnnie Lamar Haynes (1), | |
| Defendant. | |

---

A grand jury returned an indictment in this case on September 26, 2019, charging Defendant Johnnie Lamar Haynes with one count of felon in possession of a firearm and one count of felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). The indictment alleges that, on or about August 5, 2019, Haynes, having previously been convicted of at least one crime punishable by imprisonment for a term exceeding one year, and knowing that he had been convicted of at least one crime punishable by imprisonment for a term exceeding one year, knowingly possessed a semiautomatic pistol and possessed ammunition. This matter is before the Court on Plaintiff United States of America's six motions in limine, (Dkts. 171–75, 200), and Haynes's twelve motions in limine, (Dkts. 156–167). For the reasons addressed below, the motions are granted in part and denied in part.

### I. United States's Motions in Limine

#### A. Potential Punishment

The United States moves to preclude Haynes from referring to any potential punishment that he might face if convicted. Haynes does not oppose this motion. Because any punishment attributable to an offense has no bearing on whether the United States has proven the elements of that offense beyond a reasonable doubt, such punishment is not relevant evidence. *See* Fed. R. Evid. 401, 402. This motion is granted.

#### B. Defendant's Self-Serving Hearsay Statements

The United States moves for an order precluding Haynes from offering into evidence his own self-serving hearsay. Haynes does not oppose this motion. A criminal defendant's prior out-of-court exculpatory statements are hearsay if they are merely consistent with the defendant's plea of not guilty. *See United States v. Waters*, 194 F.3d 926, 930–31 (8th Cir. 1999) (holding that the district court did not err by refusing to admit evidence of the defendant's prior statements consistent with plea of not guilty); *United States v. Chard*, 115 F.3d 631, 634–35 (8th Cir. 1997) (same). Here, however, the United States has not identified any self-serving hearsay that exists and that Haynes might offer into evidence, and the Court declines to issue an advisory opinion. Accordingly, the United States's motion is denied without prejudice as premature.

#### C. Alibi Witnesses

The United States moves for an order precluding Haynes from calling any undisclosed witnesses to support any alibi defense. Haynes does not oppose this motion.

When the government requests in writing that a defendant notify it of an anticipated alibi defense, a defendant who intends to rely on such a defense "must serve written notice on an attorney for the government of any intended alibi defense." Fed. R. Crim. P. 12.1(a)(2). The defendant's notice must include "each specific place where the defendant claims to have been at the time of the alleged offense," as well as "the name, address, and telephone number of each alibi witness on whom the defendant intends to rely." Fed. R. Crim. P. 12.1(a). "If a party fails to comply with this rule, the court may exclude the testimony of any undisclosed witness regarding the defendant's alibi." Fed. R. Crim. P. 12.1(e). Here, there is no evidence or argument demonstrating that the United States made a written request for a notice of an alibi defense, which is a predicate to a defendant's disclosure obligation. *See* Fed. R. Crim. P. 12.1(a)(1). Accordingly, because the Court has insufficient information to rule on this motion, the motion is denied without prejudice.

### D.     Bad Acts Cross-Examination

The United States moves for an order precluding Haynes from either offering evidence of or cross-examining a witness regarding, any prior conviction or act committed by the witness without first addressing the admissibility of such evidence with the Court outside of the presence of the jury. Haynes does not oppose this motion. The United States's unopposed motion is granted. The parties shall address with the Court—outside the presence of the jury—any evidence of or references to prior bad acts or convictions, including references during opening statements, before presenting such evidence or references to the jury.

### E. Police Controversy

The United States moves to preclude Haynes from referencing national or local controversies regarding the use of force by police officers, absent a showing that such an argument or line of inquiry is relevant. The United States requests that counsel address any such testimony or argument with the Court outside the presence of the jury before the testimony or argument is offered. Haynes does not oppose this motion. This motion is granted. Should Haynes intend to address national or local controversies surrounding the use of force by police officers, Haynes must first demonstrate that the argument or line of inquiry is relevant and admissible.

### F. Impeachment

The United States moves to preclude Haynes from impeaching a government witness with evidence of prior convictions or prior acts. Haynes opposes the motion.

Rule 609 of the Federal Rules of Evidence provides that evidence of a criminal conviction is admissible to attack a witness's character for truthfulness if either (1) the offense involved imprisonment for more than one year and the evidence is otherwise admissible under the Rule 403 balancing test; or (2) an essential element of the offense involved proving a dishonest act or false statement. Fed. R. Evid. 609(a). There is a 10-year limit on the admissibility of such evidence. Fed. R. Evid. 609(b). Evidence of convictions that are older than 10 years are admissible only if the probative value of the evidence substantially outweighs its prejudicial effect and the proponent of the evidence

4

gives the adverse party written notice of the intent to use such evidence. Fed. R. Evid. 609(b). The notice requirement is not disputed here.

At issue here are two prior felony convictions, nine prior misdemeanor convictions, and one alleged prior bad act noticed as possible grounds for impeachment of Haynes's co-defendant. The admissibility of these offenses for impeachment purposes is addressed in turn.

### 1. Felony Convictions

The United States contends that Haynes should not be allowed to impeach his co-defendant regarding two felony convictions because those felonies are more than 10 years old and the probative value of these convictions does not substantially outweigh their prejudicial effect. The specific felony convictions at issue are (1) a first-degree aggravated robbery and (2) a first-degree attempted aggravated robbery. Because these two convictions are more than 10 years old, in order for them to be admissible the probative value of the evidence, supported by specific facts and circumstances, must substantially outweigh the evidence's prejudicial effect. Fed. R. Evid. 609(b)(1).

As to the probative value, Haynes argues that these convictions demonstrate that his co-defendant will go to extraordinary lengths to promote his self-interest.[1] Based on the facts of these convictions as presented to the Court, these convictions may be probative of

---

[1] Haynes also argues that his co-defendant has engaged in a pattern and practice of armed robbery and possession of firearms in and around commercial establishments and, therefore, the specific facts of the underlying convictions demonstrate that the probative value of the evidence substantially outweighs the prejudicial effect. Propensity evidence is inadmissible. Fed. R. Evid. 404(b).

the witness's willingness to protect his financial self-interest through violence. But financial interest is not at issue here. The facts of these cases also are significantly prejudicial to the witness because the offenses involved shooting two store clerks and stabbing a victim following a drug transaction. The minimal probative value of these convictions does not substantially outweigh the substantially prejudicial effect here. Haynes shall not impeach the witness with evidence of the witness's two felony convictions identified herein.

### 2. Misdemeanor Convictions

The United States seeks to preclude Haynes from impeaching the witness with the following misdemeanor convictions: (1) giving a false name to police on two occasions, (2) driving without a valid driver's license, (3) disorderly conduct, (4) driving after suspension, (5) third-degree driving while intoxicated, (6) second-degree driving while intoxicated, and (7) driving after cancellation of a license.

The United States argues that the convictions of giving a false name to police and driving without a valid driver's license fall outside of the 10-year timeframe and, therefore, are time-barred. Haynes does not seek to impeach the witness with the conviction of driving without a valid license. Because the two convictions of giving a false name to police are more than 10 years old, to be admissible these offenses must involve a dishonest act or false statement and their probative value, supported by specific facts and circumstances, must substantially outweigh their prejudicial effect. Fed. R. Evid. 609(b)(1). Undisputedly, a conviction of giving a false name to a police officer requires

proving a dishonest act or false statement. Haynes argues, and the Court agrees, that the act of giving a false name to a police officer indicates a willingness to lie to promote self-interest and is highly probative of the witness's truthfulness. The United States does not provide a specific or persuasive argument to the contrary. The Court concludes that the probative value of these convictions substantially outweighs their prejudicial effect. Haynes may impeach the witness using the two convictions of giving a false name to police.

The United States also argues that the remaining five misdemeanor convictions are not admissible because they are not felony offenses and do not involve a dishonest act or false statement. *See* Fed. R. Evid. 609(a). The Court agrees. Accordingly, the prior convictions of disorderly conduct, driving after suspension, driving while intoxicated, and driving after cancellation are not admissible for impeachment purposes.

### 3. Alleged Armed Robbery

Finally, the United States argues that evidence of the witness's alleged 2014 armed robbery is inadmissible pursuant to Rule 608, Fed. R. Evid. Haynes argues that the alleged robbery demonstrates a pattern of armed robbery and that the witness will act only in his self-interest. Haynes has not identified how the alleged armed robbery is probative of the witness's character for truthfulness or untruthfulness. *See* Fed. R. Evid 608. As such, it is not admissible for impeachment purposes. Therefore, Haynes shall not impeach the witness regarding the alleged 2014 armed robbery.

In summary, the United States's motion is granted in part and denied in part. Haynes may use only the two convictions of giving a false name to the police for impeachment purposes as to the witness at issue.

## II.     Defendant's Motions in Limine

### A.     Handgun Magazine Evidence

Haynes moves for an order precluding the United States from introducing evidence or testimony about the handgun magazine. The United States opposes the motion.

Haynes first argues that this evidence lacks foundation because there is nothing connecting the magazine to Haynes. Because the United States contends that it will prove that Haynes's co-defendant's DNA was found on the magazine, Haynes's foundation argument lacks merit.

Haynes also argues that this evidence is inadmissible under Rule 403. A district court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403. "Unfair prejudice . . . means an undue tendency to suggest decision on an improper basis." *United States v. Lupino*, 301 F.3d 642, 646 (8th Cir. 2002) (quoting Rule 403 advisory committee note). Here, whether Haynes knowingly possessed a firearm and ammunition are elements of the charged offenses. *See* 18 U.S.C. § 922(g)(1); *accord United States v. Williams*, 796 F.3d 951, 958 (8th Cir. 2015) ("Knowing possession of a firearm is an element of 18 U.S.C. § 922(g)(1) . . . ." (internal quotation marks omitted)). Accordingly, the handgun magazine evidence that the United States identifies is highly

8

probative of the charged offense. And Haynes does not present, nor does the Court discern, a persuasive argument as to how the probative value of this evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues or misleading the jury.

Therefore, Haynes's motion is denied.

B.     **Gun Make and Model**

Haynes moves for an order precluding the United States from presenting testimony regarding the make and model of the gun Haynes allegedly possessed, arguing that such evidence lacks foundation, that investigators cannot demonstrate that the magazine recovered is functional and functions with a Ruger model Security-9 9mm gun, and that such evidence is unfairly prejudicial. The United States opposes the motion.

As to foundation, the United States argues that it will prove that Haynes's co-defendant's DNA was found on the handgun magazine. And the United States contends that the functionality of the magazine goes to the weight of the evidence, not its admissibility. The United States indicates that an expert will testify as to the gun make and model. As such, Haynes's arguments on these bases lack merit.

Haynes also argues that this evidence is inadmissible under Rule 403. A district court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403. Here, whether Haynes possessed a firearm is an element of the charged offense. *See* 18 U.S.C. § 922(g)(1); *accord Williams*, 796 F.3d at 958 ("Knowing possession of a firearm is an element of 18 U.S.C. § 922(g)(1) . . . ." (internal quotation marks omitted)).

9

As such, evidence pertaining to the make and model of the gun that Haynes allegedly possessed is probative of the alleged fact that Haynes possessed a gun. Haynes does not identify, and the Court cannot discern, what unfair prejudice may arise from this evidence or how any such prejudice substantially outweighs the probative value of the evidence. *See* Fed. R. Evid. 403. Therefore, the Court denies Haynes's motion.

    C.    **United States Exhibits P-88 through P-95**

Haynes moves for an order precluding the United States from introducing a series of self-made videos and still-frame photographs in which Haynes possesses objects that resemble guns.

Haynes first argues that the United States is unable to prove that the objects in the music videos are real guns. The United States counters that whether the firearms are real is a question for the jury. The Court agrees that the issue of whether the firearms in the videos are real is a factual matter for the jury to determine. Accordingly, Haynes's motion to exclude this evidence on this basis is denied.

Haynes also argues that the probative value of this evidence is substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403.

The United States represents that it intends to offer this evidence to establish that Haynes has (1) the knowledge to obtain firearms, (2) knowledge of how firearms work, and (3) the requisite intent to possess the charged firearm. A material issue here is whether Haynes knowingly possessed a firearm. *See* 18 U.S.C. § 922(g)(1); *accord Williams*, 796 F.3d at 958 ("Knowing possession of a firearm is an element of 18 U.S.C. § 922(g)(1) . . . ."

(internal quotation marks omitted)).  That Haynes may have possessed a firearm on a previous occasion is relevant as to his intent and knowledge.  *United States v. Walker*, 470 F.3d 1271, 1274 (8th Cir. 2006).  Therefore, this evidence is probative.

Haynes maintains that this evidence presents a danger of unfair prejudice because the evidence might exploit racial animus.  The United States categorically denies that it will attempt to invoke racial prejudice.  Haynes has not demonstrated that these videos and images, without more, will exploit racial animus.  Haynes has not demonstrated that the probative value of this evidence is substantially outweighed by the danger of unfair prejudice.  Accordingly, Haynes's motion to exclude the United States's exhibits P-88 through P-95 is denied.

### D.      United States Exhibits P-67 through P-76 and P-87

Haynes moves for an order precluding the United States from introducing a series of exhibits, P-67 through P-76 and P-87, in which Haynes and his co-defendant are depicted posing together making obscene hand gestures.  Haynes argues that the probative value of this evidence is substantially outweighed by the danger of unfair prejudice.  *See* Fed. R. Evid. 403.  The United States opposes the motion.

A district court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice."  Fed. R. Evid. 403.  The United States contends that it will prove that Haynes's co-defendant delivered Haynes a firearm, which Haynes later discharged.  According to the United States, this evidence of a prior relationship between Haynes and his co-defendant, which the United States seeks to

11

establish through the disputed photographs, is probative of whether Haynes is the person in the video acquiring a firearm from his co-defendant. Whether Haynes knowingly possessed a firearm and knowingly possessed ammunition are elements of the charged offenses. *See* 18 U.S.C. § 922(g)(1); *see also Williams*, 796 F.3d at 958. The United States is entitled to present evidence that provides context as to the charged offenses, including the relationship between co-defendants. *See Williams*, 796 F.3d at 961–62 (recognizing that evidence of other wrongful conduct may be admissible to provide a total picture of the charged crime). Although the photographs include an obscene gesture, Haynes has not demonstrated that any danger of unfair prejudice *substantially* outweighs the probative value of these photographs such that this evidence should be excluded. The obscene gesture depicted in these photographs is analogous to vulgar language. And evidence that includes vulgar language is routinely admitted into evidence. *See, e.g.*, *United States v. Gianakos*, 415 F.3d 912, 925–26 (8th Cir. 2005) (concluding district court did not abuse its discretion or err in admitting statement that included several profanities).

Therefore, Haynes's motion is denied. The Court's ruling does not preclude Haynes from seeking a limiting instruction in the course of trial, should he wish to do so.

  **E.**  **Cumulative Witnesses**

Haynes moves for an order precluding the United States from introducing cumulative witness testimony. The United States does not oppose the motion. The United States represents that, although it noticed several employees of Moa-Lor Chiropractic &

Acupuncture Office as potential witnesses, the United States intends to offer the testimony of only one employee. Therefore, Haynes's motion is granted.

### F. Sex-Offender Status

Haynes moves to preclude the United States from introducing any evidence or eliciting any testimony regarding Haynes's status as a registered sex offender, arguing that such evidence is irrelevant and any probative value is substantially outweighed by a risk of unfair prejudice. *See* Fed. R. Evid. 401, 402, 403. The United States does not oppose this motion and represents that it does not intend to offer such evidence in its case-in-chief. Accordingly, Haynes's motion is granted.

### G. Gang Affiliation

Haynes seeks to preclude the United States from offering evidence or eliciting testimony pertaining to Haynes's alleged gang affiliation or from offering photographic or video evidence tending to show alleged gang affiliation, arguing that such evidence is inadmissible pursuant to Rule 403, Fed. R. Evid.

The United States represents that it does not intend to offer any testimony or evidence expressly pertaining to Haynes's alleged gang affiliation. But the United States intends to offer video and photographic evidence from Haynes's cellular telephone, which includes Haynes together with his co-defendant and the alleged intended target of the shooting in this case. According to the United States, some of these photographs include individuals who are displaying hand signs. The United States represents that it does not intend to present testimony regarding these hand signs or otherwise offer testimony or any

13

implication regarding their meaning. Instead, the United States represents that it intends to offer this evidence solely to establish Haynes's pre-existing relationship with his co-defendant and with his alleged intended target.

Because Haynes's alleged gang affiliation is irrelevant to the elements of the offense and more prejudicial than probative, Haynes's motion is granted in part. The United States shall not offer evidence or elicit testimony directly addressing whether Haynes has any gang affiliation. Should the United States offer any evidence that merely suggests gang involvement or activity, the Court will address any objection or request for a limiting instruction as to such evidence in the course of trial.

### H.     Prior Bad Acts

Haynes moves to prohibit the United States from introducing evidence of his prior bad acts or convictions. Haynes provides that he will stipulate to his underlying felony conviction and his knowledge thereof and, therefore, the probative value of any alleged prior bad acts or convictions is substantially outweighed by the danger of unfair prejudice, misleading the jury, and confusing the issues. *See* Fed. R. Evid. 403.

The United States represents that it does not intend to offer any other evidence of Haynes's prior convictions. The United States maintains, however, that it intends to offer video and photographic evidence from Haynes's cellular telephone showing Haynes with firearms and ammunition for the purpose of establishing that Haynes had the knowledge and ability to obtain a firearm and ammunition and knew how to use them. *See* Fed. R. Evid. Rule 404(b) (providing that although propensity evidence is inadmissible, evidence

14

of prior acts may be admissible "for another purpose, such as proving . . . intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident").  In its trial brief, the United States indicates that it intends to prove that Haynes discharged the firearm alleged in the indictment, which makes his knowledge of firearm use relevant.  To be admissible under Rule 404(b), evidence must "be supported by sufficient evidence to support a finding by a jury that the defendant committed the other act." *United States v. Marquez-Alvarado*, 501 F.3d 971, 974 (8th Cir. 2007) (internal quotation marks omitted).

For the reasons addressed in Part II.C., Haynes has not demonstrated that the danger of unfair prejudice substantially outweighs the probative value of these photographs, and videos of him with firearms.

Therefore, Haynes's motion is granted as to his prior convictions and the United States is precluded from offering such evidence.  As to the videos and photographs of Haynes with firearms and ammunition, Haynes's motion is denied without prejudice.  The United States may offer such evidence subject to specific objections from Haynes that the Court will consider in the course of trial.

I.     **Inflammatory Evidence**

Haynes moves to exclude "inflammatory" evidence—including tattoos, alleged nicknames, his custody status, and "any other prejudicial evidence"—under Rule 403.  The United States represents to the Court that it does not intend to offer evidence regarding Haynes's tattoos, nicknames, or custody status.  Accordingly, Haynes's motion is granted as to evidence of his tattoos, alleged nicknames, and custody status.  Because Haynes has

not identified with specificity what "other prejudicial evidence" he seeks to preclude, this aspect of his motion is denied.

### J. Sequester Witnesses

Haynes moves for an order requiring the sequestration of witnesses and prohibiting witnesses from discussing testimony with each other. The United States does not oppose the sequestration of witnesses.

"At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615. Employees designated as representatives of an entity party are exempt from the sequestration rule, however. Fed. R. Evid. 615(b). This exemption permits government case agents to sit at counsel table throughout a criminal trial. *United States v. Riddle*, 193 F.3d 995, 997 (8th Cir. 1999).

Accordingly, the Court grants this motion and orders that all witnesses other than the United States's designated representative, if any, shall be excluded from the courtroom once trial begins. Counsel for both parties shall advise prospective witnesses of this ruling to ensure compliance with the Court's sequestration order.

### K. Opportunity to Review and Object to Evidence

Haynes requests an opportunity to review and object to exhibits offered into evidence by the United States. Haynes contends that, until the United States "more clearly defines . . . the universe of potential photographic and video evidence it seeks to introduce into evidence, it is impossible for the defense to properly respond to the wide universe of evidence potentially available" to the United States. The United States does not oppose

16

this motion. As a defendant typically is entitled to review and object to evidence throughout trial, this motion is granted.

### L.   Unconscious-Bias Video

Haynes requests that the Court present the United States District Court for the Western District of Washington's unconscious-bias video to the prospective jurors during jury orientation. The United States does not oppose this motion. Haynes's motion is granted.

### ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff United States of America's first, fourth, and fifth motions in limine, (Dkts. 171, 174, 175), are **GRANTED**.

2. Plaintiff United States of America's second and third motions in limine, (Dkts. 172, 173), are **DENIED WITHOUT PREJUDICE** as premature.

3. Plaintiff United States of America's sixth motion in limine, (Dkt. 200), is **GRANTED IN PART AND DENIED IN PART** as addressed herein.

4. Defendant Johnnie Lamar Haynes's first, third, and fourth motions in limine, (Dkts. 156, 158, 159), are **DENIED**.

5. Haynes's second motion in limine, (Dkt. 157), is **DENIED WITHOUT PREJUDICE**.

6. Haynes's fifth, sixth, tenth, eleventh, and twelfth motions in limine, (Dkts. 160, 161, 165, 166, 167), are **GRANTED**.

7. Haynes's seventh, eighth, and ninth motions in limine, (Dkts. 162, 163, 164), are **GRANTED IN PART AND DENIED IN PART** as addressed herein.

Dated: July 28, 2021               s/Wilhelmina M. Wright
                                                               Wilhelmina M. Wright
                                                               United States District Judge