UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 19-cr-0250 (WMW/ECW) |
| Plaintiff, | **ORDER** |
| v. | |
| Johnnie Lamar Haynes (1), | |
| Defendant. | |

---

This matter is before the Court on Plaintiff United States of America's motion to narrow the indictment. (Dkt. 199.) The United States seeks to remove the words "model Security-9" from Count 1 of the indictment. Haynes opposes the motion. For the reasons addressed below, the motion is granted.

"A court may ignore independent and unnecessary allegations in an indictment." *United States v. McIntosh*, 23 F.3d 1454, 1457 (8th Cir. 1994) (citing *United States v. Miller*, 471 U.S. 130, 144 (1985)). "Allegations in the indictment that are not necessary to establish a violation of a statute are surplusage and may be disregarded if the remaining allegations are sufficient to charge a crime." *Id*. An allegation may be stricken from an indictment if "nothing is added to the indictment, and the remaining allegations state the essential elements of an offense." *United States v. Nabors*, 762 F.2d 642, 647 (8th Cir. 1985).

As relevant here, Count 1 of the indictment charges Haynes with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Section 922(g) provides that a

person who has been convicted of a crime punishable by imprisonment for a term exceeding one year shall not "possess in or affecting commerce, any firearm." Section 922(g) does not prohibit felons from possessing a *specific type* of firearm, rather it prohibits felons from possessing *any* firearm. Accordingly, the words "model Security-9" may be removed from the indictment because the remaining allegations in the indictment are sufficient to charge the essential elements of a crime. *See McIntosh*, 23 F.3d at 1457 (concluding that references to gun manufacturer and model were "surplusage" in indictment alleging violation of 18 U.S.C. § 924(c)).

Therefore, the United States's motion to narrow the indictment is granted, and the words "model Security-9" are stricken from the indictment.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff United States of America's motion to narrow the indictment, (Dkt. 199), is **GRANTED**.

Dated:  July 28, 2021                                             s/Wilhelmina M. Wright
                                                                               Wilhelmina M. Wright
                                                                               United States District Judge